## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FTN FINANCIAL CAPITAL MARKETS,**
**a division of First Tennessee Bank,**
**National Association,**

       **Plaintiff/Counter-Defendant,**

**vs.**                                **4:03-CV-249-SPM**

**MAGNOLIA CAPITAL ADVISORS,**
**INC.,** *et al.,*

       **Defendant/Counter-Plaintiff,**
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT RECORD

**THIS CAUSE** comes before the Court upon the "Plaintiff's Motion to Supplement Record and Supporting Memorandum" (doc. 227) filed July 8, 2005. This Court entered an order enforcing the settlement agreement between the parties (doc. 218) on May 4, 2005.  Plaintiff simultaneously appealed that decision (doc. 211) and submitted a motion for reconsideration (doc. 206).  After Defendants filed their response (doc. 220), the Court entered an order denying the motion for reconsideration, noting that because the motion was filed more than ten days after the order was entered, it was to be treated as a motion under Federal Rule of Civil Procedure 60(b).

Plaintiff now files this motion to supplement the record, claiming that the order enforcing the settlement agreement was not a final order, and thus the Court should have evaluated its motion under the more lenient standard of Rule 54(b).  Plaintiff attached "newly-discovered evidence" to the motion in an attempt to sway the Court's decision.[1]

A final judgment under Rule 60(b) is "any judgment that is an appealable order."  Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1131 (11th Cir. 1986)(*citing* Mullins v. Nickel Plate Mining Co., 691 F.2d 971, 974 (11th Cir. 1982)).  In Solaroll, the court stated that "[t]here is no question that the order . . . enforcing the settlement agreement satisfies that definition."  Id.  The motion for reconsideration was properly denied under Rule 60(b), and it is now the province of the appellate court to review the denial.

Accordingly, it is

**ORDERED AND ADJUDGED** that the motion to supplement the record (doc. 227) is hereby denied.

**DONE AND ORDERED** this <u>fourteenth</u> day of July, 2005.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

/pao

---

[1]  As to Plaintiff's statement that "the Court . . . entered an order . . . without allowing [Plaintiff] the opportunity to submit a reply memorandum," the Court directs Plaintiff's attention to Local Rule 7.1(C), which states that "[n]o reply memoranda shall be filed absent a showing of good cause and upon leave of the court."  Plaintiff did not file a motion requesting such leave.