IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FTN FINANCIAL CAPITAL MARKETS,
a division of First Tennessee Bank,
National Association,

    Plaintiff/Counter-Defendant,

vs.                                      4:03-CV-249-SPM

MAGNOLIA CAPITAL ADVISORS,
INC.,

    Defendant/Counter-Plaintiff,
_____/

ORDER DENYING DEFENDANT PARAGON'S MOTION FOR
ENTRY OF FINAL JUDGMENT

**THIS CAUSE** comes before the Court upon "Defendant Paragon Financial Group, Incorporated's Motion for Entry of Final Judgment and Memorandum in Support" (doc. 223) filed June 23, 2005 and Plaintiff's memorandum in opposition (doc. 228) filed July 8, 2005.  For the reasons set forth below, the Court finds the motion must be denied.

I.

Paragon moves for entry of judgment under Federal Rule of Civil Procedure 54(b), which provides:

When more than one claim for relief is presented in an action,

>whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Paragon asserts as grounds for the motion that "[i]t is not disputed, and cannot be disputed, that Paragon was to be dismissed, with prejudice, without payments of monies by Paragon to Plaintiff (or payment of monies from Plaintiff to Paragon, for that matter) on a non-confidential basis once the agreement among Plaintiff and the principal Defendants was finalized."

A review of the e-mail correspondence between the parties does not "indisputably" demonstrate Paragon's intended outcome. A general chronology, which includes all references to Paragon, is set out below.

**January 25, 2005:** Defense counsel Kelly O'Keefe e-mails Plaintiff with her understanding of the terms of settlement, adding, "I don't have to worry about Paragon bringing Magnolia, its clients, or Don back in the suit either so I guess I need to know whether FTN is planning on dismissing the suit against Paragon as well. That issue should be addressed in the release and we may need Paragon as a party. The terms as I currently understand them are:

>* * *

>2) MCAI and FTN will enter a mutual release with terms to be agreed on, including terms that resolve the Paragon issue explained above.

>* * *

**January 25, 2005:** Plaintiff responds with: "We have a deal in principal [sic], with the terms and details to be reduced to writing. [A]s we have discussed, the release will include related companies and individuals on both sides. I will call Perry today re Paragon."

**January 27, 2005:** Plaintiff e-mails a proposed written "Mutual Release and Settlement Agreement" to all parties. The introductory paragraph reads as follows:

> This Mutual Release and Settlement Agreement ("Agreement") is knowingly, willingly, and voluntarily entered into this ____ day of _____, 2005, by and between FTN Financial Capital Markets ("FTN"), Magnolia Capital Advisors, Inc. ("Magnolia"), Don Reinhard ("Mr. Reinhard") and Sarah Reinhard ("Mrs. Reinhard") in order to conclude, terminate, and settle any and all disputes between them.

**January 27, 2005:** Plaintiff e-mails the proposed Notice of Settlement to all parties.

**January 27, 2005:** O'Keefe replies to an e-mail sent by Plaintiff discussing when the settlement would be finalized: "As I represented, we are going forward with the settlement agreement provided we work out the terms of the release. That depends on Paragon's agreement too."

**January 28, 2005:** O'Keefe advises Plaintiff that she will attempt to have the agreement executed within the next three days (as per Plaintiff's request), but warns that she could provide no guarantee: "Per our discussion I will attempt to coordinate execution of the agreement by Monday as you requested. However, in light of the fact that . . . we need to consider the effect of Paragon not entering a confidentiality agreement I cannot guarantee that it will be finalized by Monday. I will do what I can."

## II.

Under Rule 54(b), a "final judgment" is a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). The order enforcing the settlement agreement is final as to the other

parties in the suit, not to Paragon.  The introductory paragraph of the settlement agreement names only four parties: 1) FTN; 2) Magnolia Capital Advisors, Inc.; 3) Don Reinhard; and 4) Sarah Reinhard.  No mention is made of including Paragon in this release.  Indeed, there was no response to O'Keefe's inquiry as to "whether FTN is planning on dismissing the suit against Paragon as well."

The correspondence between the parties, recited *supra,* shows that settlement between FTN and Paragon was still "up in the air" at the time the January 27, 2005 settlement agreement was signed, and there has been no indication of changed circumstances since then.  Paragon cannot now request that final judgment be entered on an order that does not even refer to Paragon.

Accordingly, it is

**ORDERED AND ADJUDGED** that the motion for entry of final judgment (doc. 223) is hereby *denied*.

**DONE AND ORDERED** this eighteenth day of July, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao